IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ZACHARIAS ABAB AGUEDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv480-MHT |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

Zacharias Abab Aguedo ("Aguedo"), a federal inmate at the Maxwell Federal

Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241

on July 2, 2019.[1] Doc. # 1. Aguedo challenges the validity of his convictions and sentence

entered by the United States District Court for the Middle District of Florida.[2] He argues

that the trial court lacked jurisdiction over his criminal case because Article III provided

the court with no authority to try his case. Doc. # 1 at 2–3. He further argues that the

indictment in his case is void because it was "presented to a grand jury without a formal

complaint having been presented" by the prosecution. *Id.* at 3. Finally, Aguedo argues that

---

[1] Although Aguedo's petition was date-stamped as received by this court on July 5, 2019, under the "prison mailbox rule" the petition is deemed to be filed on the date Aguedo delivered it to prison authorities for mailing, presumptively July 2, 2019, the day Aguedo represents that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] A review of the docket from Aguedo's criminal case from the Middle District of Florida indicates that in February 2017, a jury found him guilty of conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin. *United States v. Aguedo*, 2:15cr115-SPC-CM (M.D. Fla. 2017). In May 2017, the district court sentenced Aguedo to concurrent terms of 96 months in prison for each count of conviction. *Id.* Aguedo appealed to the Eleventh Circuit, and that appeal remains pending. *See* USCA Number: 17-12511.

"the prosecution failed to allege (or prove) any evidence of 'injury in fact' to the United States by way of federally prohibited conduct(s)." *Id.* at 4. Thus, he asserts that the judgment under which he is incarcerated "[is], in fact and law, VOID." *Id*. at 3. For the reasons that follow, the undersigned concludes that this case should be transferred to the United States District Court for the the Middle District of Florida, the court that entered Aguedo's convictions and sentence.

## II.  DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although brought as a petition under 28 U.S.C. § 2241, this court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly brought under §

2

2241 must be filed in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*,

542 U.S. 426, 442–43 (2004).

> In contrast, 28 U.S.C. § 2255(a) states:
>
> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255,

venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Aguedo's self-described § 2241 habeas petition challenges the legality of his

convictions and sentence. Generally, a federal prisoner must bring any collateral attack on

the legality of his convictions or sentence through a motion to vacate under § 2255 rather

than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill

Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC

Coleman-Low*, 2017 WL 4280936, at \*1 (11th Cir. 2017). A petitioner challenging the

legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would

be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. §

2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989,

990–91 (11th Cir. 2018).

Aguedo's claims challenging his convictions and sentence fall squarely within the

realm of injuries that § 2255 addresses. When a federal prisoner brings "a traditional claim

attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to

vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Thus, regardless of the label Aguedo places on his pleadings, his petition challenging his convictions and sentence must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[3]

Section 2255 remains Aguedo's exclusive remedy to bring his challenge to his convictions and sentence. Because he challenges a judgment entered in the Middle District of Florida, any jurisdiction to consider his § 2255 motion lies only with the Middle District of Florida. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging convictions entered by the court for the Middle District of Florida.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Aguedo is proceeding *pro*

---

[3] In orders entered on July 8, 2019, and July 31, 2019 (Docs. # 2 & 6), this court informed Aguedo that the claims in his self-styled habeas petition were properly presented in a 28 U.S.C. § 2255 motion. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Aguedo of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. The court also advised Aguedo that his construed § 2255 motion was due to be transferred to the United States District Court for the Middle District of Florida since he was challenging the convictions and sentence entered by that court. This court's "Castro Order" also advised Aguedo that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Aguedo failed to file a response complying with the Castro Order's directives, but instead filed objections continuing to insist he was entitled to pursue this action in this court under § 2241. *See, e.g.*, Docs. # 3 & 5.

*se*, this court finds that it is in the interest of justice that this action be transferred to the United States District Court for the Middle District of Florida.

## III.   CONCLUSION

Accordingly it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 12, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).

DONE this 29th day of August, 2019.

　　　　　　　　　　 /s/ Charles S. Coody
　　　　　　　　　　 CHARLES S. COODY
　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE